United States District Court
Southern District of Texas

**ENTERED**

April 20, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHELSA FOWLER, INDIVIDUALLY AND AS NEXT OF FRIEND OF H.D.F., A MINOR,<br>    *Plaintiff*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-04370 |
| LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, ET. AL.,<br>    *Defendants*. | § § § § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff originally filed this action in state court on August 19, 2025.[1]  ECF 1-1 at 12.   Defendant Lamar Consolidated Independent School District (the "District") was served in the state action on August 26, 2025, but Defendant Daniel Gamboa was never served.  *Id.*   On September 15, 2025, the District removed the case.  ECF 1.

"A plaintiff who does not perfect service of process in state court therefore has 90 days from the date of removal in which to complete this task."  *Myart v. City of San Antonio*, No. SA-19-CV-00702-OLG, 2019 WL 7067126, at *9 (W.D. Tex. Dec. 23, 2019), *report and recommendation adopted,* No. SA-19-CV-00702-OLG,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

ECF 45 (S.D. Tex. Jan. 23, 2020); *see also Goins v. City of Houston*, No. H-20-1553, 2021 WL 2785344, at *2 (S.D. Tex. June 8, 2021) (explaining that under Rule 4(m), "a plaintiff has 90 days from the date of removal to effect service"), *report and recommendation adopted,* No. 4:20-CV-1553, 2021 WL 2779312 (S.D. Tex. July 2, 2021); FED. R. CIV. P. 4(m).

Here, the deadline to serve Defendant Gamboa was December 14, 2025. Over four months later, Plaintiff still has not effected service. Therefore, Plaintiff's claims against Gamboa should be dismissed according to Rule 4(m). FED. R. CIV. P. 4(m). Plaintiff's pro se status does not excuse compliance with the rules regarding service. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Pro se plaintiffs are "entitled to notice before a district court dismisses an action [sua sponte] . . . for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. United States R.R. Retirement Bd.,* 101 F.3d 444, 446 (5th Cir.1996)). The Magistrate Judge's recommendation of dismissal provides Plaintiff with the required notice and Plaintiff has 14 days to file an objection and explain why the case should not be dismissed (i.e., that Gamboa has been or will be served). *See Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (explaining that plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims against Defendant Gamboa be DISMISSED WITHOUT PREJUDICE for failure to effect service.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 20, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

3