United States District Court
Southern District of Texas

**ENTERED**

April 20, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHELSA FOWLER, INDIVIDUALLY AND AS NEXT OF FRIEND OF H.D.F., A MINOR, *Plaintiff*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-04370 |
| LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, ET. AL., *Defendants*. | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Lamar Consolidated Independent School District's ("District") Motion to Dismiss.[1]  ECF 6.  The District moves to dismiss Plaintiff's claims under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The District also raises an immunity defense.  For the reasons discussed below, the Court RECOMENDS that Defendant's Motion be GRANTED.

### I.    Factual and Procedural Background.

This case concerns the alleged mistreatment of Plaintiff's son by Daniel Gamboa, a teacher at the District's Adolphus Elementary School, during the 2024-2025 school year.  ECF 1-1 at 6-7.  Plaintiff alleges Gamboa subjected her child to

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

"unfair    treatment,    verbal    mistreatment,    and    discriminatory    conduct, which caused Plaintiff's son emotional distress. *Id.* at 7. Plaintiff claims Gamboa also mistreated other African American students. *Id.* at 8. Plaintiff alleges that she contacted school officials three times in October and November 2024 regarding the mistreatment, but the District failed to take corrective action. *Id.* at 7-8.

Plaintiff brings claims for Texas common law negligence and intentional infliction of emotional distress, as well as claims under the Texas Constitution, and 42 U.S.C. § 1983. *Id.* at 9. The District removed this case from state court on September 15, 2025. ECF 1. The District filed a Motion to Dismiss (ECF 6) and then a Reply (ECF 10), explaining that Plaintiff failed to file a response. Under the Local Rules, failure to file a response is taken as no opposition to the motion. S.D. TEX. LOC. R. 7.4. However, "unopposed motions to dismiss that dispose of litigation may not be automatically granted." *See Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011). The Motion is ripe for adjudication.

## II.    Legal Standards.

### A. 12(b)(1) standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim*

*v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. 12(b)(6) standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing

3

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### III.   Analysis.

#### A. Defendant's sovereign immunity bars Plaintiff's tort claims.

"School districts in Texas retain their sovereign/governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity in a specific statute." *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 1006 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015) (citing *Mission Consolidated I.S.D. v. Garcia*, 253 S.W.3d 653,

655 (Tex. 2008)). The Texas Tort Claims Act "generally waives governmental immunity to the extent that liability arises from the 'use of a motor-driven vehicle or motor-driven equipment' or from 'a condition or use of tangible personal or real property.'" *Garcia*, 253 S.W.3d at 655–66 (quoting TEX. CIV. PRAC. & REM. CODE § 101.021). "For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles." Id. at 656 (citing TEX. CIV. PRAC. & REM. CODE § 101.051); *See A.W. v. Humble*, 25 F. Supp. 3d at 1006 ("Under the TTCA the only permissible tort claim against a school district is a claim based on misuse of a motor vehicle.").

The factual allegations supporting Plaintiff's claims for negligence and intentional infliction of emotional distress do not involve use of a motor vehicle. Further, the TTCA expressly preserves sovereign immunity "for claims of intentional torts." *Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 256 (5th Cir. 2012) (citing TEX. CIV. PRAC. & REM. CODE § 101.057(2)). Therefore, Plaintiff's tort claims against the district are barred by sovereign immunity and should be dismissed.

### B. Plaintiff's state constitutional claim should be dismissed because the Texas Constitution Article I, § 3a does not provide a private right of action for damages.

The Texas Constitution establishes that "[e]quality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." Tex. Const.

art. I, § 3a.  Plaintiff seeks money damages only for the alleged violation of § 3a.

ECF 1-1 at 9.  Section 3a does not provide a private right of action for damages.

*K.T. v. Natalia I.S.D.*, No. SA-09-CV-285-XR, 2010 WL 1484709, at *6 (W.D. Tex.

Apr. 12, 2010); *Vincent v. W. Tex. St. Univ.*, 895 S.W.2d 469, 475 (Tex. App.—

Amarillo 1995) (no pet.).  Therefore, this claim should be dismissed.

### C. Plaintiff's § 1983 claim against the District should be dismissed for failure to state a claim.

#### 1. The alleged facts do not demonstrate unequal treatment or discriminatory intent.

The Fourteenth Amendment[2] guarantees the right to equal protection. U.S.

Const. amend. XIV § 1 ("No State shall make or enforce any law which shall abridge

the privileges or immunities of citizens of the United States; nor shall any State

deprive any person of life, liberty, or property, without due process of law; nor deny

to any person within its jurisdiction the equal protection of the laws."). *See also City*

*of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining that

the Equal Protection Clause "is essentially a direction that all persons similarly

situated should be treated alike.").  Title 42 U.S.C. § 1983 allows an individual to

seek redress for a violation of Fourteenth Amendment rights.  The essential elements

of a § 1983 claim are: (1) a violation of a constitutional right (2) by a person acting

---

[2] Construing pro se Plaintiff's petition liberally, the Court interprets her § 1983 claim as alleging a violation of the Equal Protection Clause.  *See* ECF 1-1 at 9 ("Defendants, acting under color of state law, discriminated against Plaintiff's child based on his race, depriving him of equal protection").

under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). To plead racial discrimination as a violation of the Equal Protection Clause as part of a § 1983 claim, "a plaintiff must allege (1) that they were treated differently from a similarly situated individual of a different race, and (2) that the differential treatment was motivated by discriminatory intent." *Quiroz v. Hernandez*, 167 F.4th 254, 261 (5th Cir. 2025) (citing *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015). "To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (internal quotation marks omitted).

Plaintiff alleges Gamboa subjected her child to "unfair treatment, verbal mistreatment, and discriminatory conduct." ECF 1-1 at 7. These conclusory allegations lack specific facts and fail to show Gamboa treated Plaintiff's son differently than similarly situated individuals outside his protected class. *See Harrower as next friends of J.H.1 v. Eastland Indep. Sch. Dist.*, 786 F. Supp. 3d 998, 1022 (N.D. Tex. 2025) (explaining that Section 1983 complaints must plead specific facts alleging cognizable constitutional violations). Although Plaintiff alleged Gamboa mistreated other African American students, that allegation does not support an inference of discriminatory intent because Plaintiff provides no

comparison with similarly situated, non-African American students. *See Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 616 (N.D. Tex. 2017) (dismissing plaintiff's Equal Protection Clause claim because plaintiff failed to allege "that the [school district] treated [plaintiff's son] differently because of his race or religion than other students involved in similar disciplinary situations."); *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1151 (5th Cir. 2021) (explaining that "bare and conclusory [evidence] . . . does not come close to allowing a reasonable inference of intentional discrimination.").

### 2. Plaintiff fails to plead a *Monell* claim.

Local government entities, such as a school district, can only be liable under § 1983 when the constitutional violation "was the result of the school district's official policy, custom, or practice." *A.W. v. Humble*, 25 F. Supp. 3d at 999. Therefore, in addition to the § 1983 requirements discussed above, Plaintiff must plausibly allege "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose moving force is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (internal quotation marks omitted). A policy can be shown through: written policy statements, ordinances, or regulations; "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy;" and a single decision in "rare circumstances" when the specific act that forms the basis of the § 1983 claim

is performed by the final policy-making authority. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214–15 (5th Cir. 2019) (citations omitted).

Plaintiff has failed to allege the involvement of the District as a policymaker or the existence of a policy. Plaintiff fails to allege the District's policymaker, its Board of Trustees, had any actual or constructive knowledge of a purported policy or was involved in any way in Gamboa's mistreatment of her son. "Texas law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees." *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Absent allegations that the alleged discrimination resulted from the District's official policy, custom, or practice, Plaintiff's § 1983 claims must be dismissed. *See A.W. v. Humble*, 25 F. Supp. 3d at 1000 (dismissing a § 1983 claim because the complaint failed "to allege facts capable of linking any unconstitutional policy, practice, or custom to [the] Board of Trustees."); *Fletcher v. Lewisville Indep. Sch. Dist.*, No. 4:14CV359, 2016 WL 3381296, at *6 (E.D. Tex. Mar. 9, 2016) (dismissing a § 1983 claim against a school district because plaintiff failed to plead that the district's board had actual or constructive knowledge of the events at issue), *report and recommendation adopted,* No. 4:14CV359, 2016 WL 1383879 (E.D. Tex. Apr. 7, 2016). Further, the allegations that Gamboa mistreated other African American students is insufficiently specific or numerous enough to allege a pattern that constitutes a customary policy. *See Jackson v. Valdez*, 852 F.

9

App'x 129, 135 (5th Cir. 2021) (explaining that for a pattern to be a policy it must include numerous, similar, and specific incidents).

## IV.     Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Lamar Consolidated Independent School District's Motion (ECF 6) be GRANTED and all claims against it be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 20, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge